Lesley B. Harris (SBN 124248)
LAW OFFICE OF LESLEY HARRIS
55 River Street, Suite 100
Santa Cruz, CA 95060
Telephone: (831) 458-0502
Facsimile: (831) 426-0159
lesleyharrisesq@gmail.com

David G. Geffen (SBN 129342)
DAVID GEFFEN LAW FIRM
530 Wilshire Boulevard, Suite 205
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsimile: (310) 434-1115
geffenlaw@aol.com

Attorneys for Plaintiffs
GREGORY PANOS and PETER POULLOS
(related action)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY P. PANOS,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CRUZ SEASIDE COMPANY, a California Corporation; and DOES 1-10, inclusive,<br>    Defendants. | Case Nos.  CV11-3769-PSG (PSGx)<br>               CV11-3982-PSG (PSGx)<br><br>**CONSENT DECREE AND [PROPOSED] ORDER**<br><br>Judge: Honorable Paul S. Grewal |
| PETER POULLOS,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CRUZ SEASIDE COMPANY, a California Corporation; and DOES 1-10, inclusive,<br>    Defendants. | |

TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:

1. Plaintiff GREGORY P. PANOS filed this action (known as Case No. CV11-3769-PSG (PSGx) against Defendant arising out of his experience at the Santa Cruz Boardwalk as a person with a disability who relies upon a Segway as his mobility device. In his action, PANOS is seeking money damages and injunctive relief for, inter alia, violations of the Americans with Disabilities Act of 1990 (the "ADA"), corresponding state law claims as well as common law claims in the United States District Court for the Northern District of California on August 1, 2011 and later amended through the filing of a First Amended Complaint on August 11, 2011. On August 12, 2011, Plaintiff PETER POULLOS filed an action against the same Defendant with similar allegations and requested relief arising out of his experience at the Santa Cruz Boardwalk as a person with a disability who relies upon a Segway as his mobility device. (Case no. CV11-3982-PSG (PSGx) ) On September 22, 2011, Judge Paul S. Grewal ordered that the cases are related (Document No. 8). Defendant SANTA CRUZ SEASIDE COMPANY ("Defendant") filed a response to these complaints on September 30, 2011.

2. Defendant and Plaintiffs (collectively sometimes referred to herein as the "Parties" or separately as a "Party") wish to settle the portion of the cases relating to issues of injunctive relief and hereby desire to enter into this Consent Decree. The Parties hereby enter into this Consent Decree and Order for the purpose of resolving certain specified aspects of the lawsuits without the need for protracted litigation, and without the admission of liability of any kind, including, but not limited to : (a) the availability or amount of damages; (b) the amount of attorneys' fees to which Plaintiffs may be entitled; or (c) violation of any law, including those alleged in the complaints.

**JURISDICTION:**

3. The Parties agree that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq. and

pursuant to supplemental jurisdiction under 28 U.S.C. §1367(a) for alleged violations of California Civil Code §§54 and 54.1.4; and

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of this Order to resolve all claims regarding injunctive relief raised in the above-entitled Actions. Accordingly, the Parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

**NO DISMISSAL OF ACTION REQUESTED:**

5. Monetary issues are still at issue and accordingly the Parties do not request that the Honorable Court dismiss the actions as these issues may still proceed to trial.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6. This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' claims against Defendant and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaints.

7. Remedial Measures: The Segway policy agreed upon by the Parties is attached here to as Exhibit "A", which has been implemented by Defendant

8. If Plaintiffs contend any policy change to be implemented under the Consent Decree has not been carried out correctly, Plaintiffs will, collectively, provide written notice to Defendant via its counsel detailing in what respect Plaintiff contends Defendant's policy is non-compliant. Within fourteen (14) calendar days of receiving this notice, Defendant will respond to said notice. If the Parties are unable to agree upon a course of action, they will hold a meet and confer within thirty (30) calendar days of Plaintiffs' written notice and will use their best efforts to resolve the dispute informally. If the Parties are still unable to agree, they will submit the matter to the judge then-assigned to the case.

**ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:**

9. The Parties have not reached an agreement regarding either of the Plaintiffs' claims for damages, attorneys' fees, litigation expenses and costs in each of the Actions (collectively, the "Unresolved Issues"). These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court. Should the Parties later reach an agreement regarding the Unresolved Issues; the terms of that agreement may be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a waiver of either of Plaintiffs' past, present or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses or costs in connection with each of their alleged losses, costs, damages, claims and causes of action as set forth in each of the operative Complaints or otherwise, or any rights of the Defendant

**ENTIRE CONSENT ORDER:**

10. This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing Parties on all matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

11. This Consent Decree and Order shall be binding on Plaintiffs and Defendant and any of Defendant's successors in interest, heirs and assigns, or any them, and each of their respective successors in interest, heirs and assigns or any of them. The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order and each party hereby represents and warrants that they shall inform each of their successors and assigns, including any person or entity acquiring an interest in the Property or

the business operated thereat of the terms of this Consent Decree and the fact that it shall be binding upon said successors and assigns.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

12. Except for the obligations set forth in this Consent Decree and the Unresolved Issues, the Parties, on behalf of themselves, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the current physical condition and/or accessibility of the Property whether or not addressed in the instant action.

13. Each of the Parties understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the current condition and/or accessibility of the Property, which are unknown or unanticipated at the time this Consent Decree is entered. Therefore, except for all obligations required in this Consent Decree, and the Unresolved Issues, it is the intent of the Parties that the release set forth in  of this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the Parties with respect to the current physical condition of the Property and any or all improvements thereon, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**TERM OF THE CONSENT DECREE AND ORDER:**

14. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

Dated: January 09, 2012    By: _____
                                GREGORY P. PANOS, Plaintiff

Dated: December ___, 2011   By: _____
                                PETER POULLOS, Plaintiff

Dated: December ___, 2011   SANTA CRUZ SEASIDE COMPANY

                            By: _____
                                Name/Signature, Defendant
                            Title: _____

**TERM OF THE CONSENT DECREE AND ORDER:**

14. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

Dated: ~~December~~ January 07, 2012

By: _[signature]_
GREGORY P. PANOS, Plaintiff

Dated: December , 2011

By: _____
PETER POULLOS, Plaintiff

Dated: ~~December~~ FEBRUARY 06, 2012 ~~, 2011~~

SANTA CRUZ SEASIDE COMPANY

By: _[signature]_
Name/Signature, Defendant
Title: DIRECTOR of SAFETY & SECURITY
WES W. WALKER

**TERM OF THE CONSENT DECREE AND ORDER:**

14. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

Dated: December ___, 2011     By: _____
                                    GREGORY P. PANOS, Plaintiff

Dated: December ___, 2011     By: _____
                                    PETER POULLOS, Plaintiff

Dated: ~~December~~ FEBRUARY 06, 2012    SANTA CRUZ SEASIDE COMPANY

                              By: _____
                                    Name/Signature, Defendant
                              Title: DIRECTOR OF SAFETY + SECURITY

CONSENT DECREE AND [PROPOSED] ORDER
Page 6 of 7

| | | |
|---|---|---|
| 1 | APPROVED AS TO FORM: | |
| 2 | Dated: ~~December~~ January 16, 2012 ~~2011~~ | LAW OFFICE OF LESLIE HARRIS |
| 3 | | |
| 4 | | By: _[signature]_____ |
| 5 | | LESLEY HARRIS<br>Counsel for Plaintiffs |
| 6 | | ~~GREGORY P.~~ PANOS and<br>PETER POULLOS |
| 7 | Dated: December __, 2011 | DAVID GEFFEN LAW FIRM |
| 8 | | |
| 9 | | By:_____<br>DAVID GEFFEN |
| 10 | | Counsel for Plaintiffs<br>GREGORY P. PANOS and |
| 11 | | PETER POULLOS |
| 12 | Dated: December __, 2011 | NEWTON REMMEL |
| 13 | | |
| 14 | | By:_____<br>STEPHEN L. NEWTON |
| 15 | | Counsel for Defendant<br>SANTA CRUZ SEASIDE COMPANY |
| 16 | | |
| 17 | **IT IS SO ORDERED.** | |
| 18 | Dated: December __, 2011 | _____ |
| 19 | | Honorable Paul S. Grewal<br>United States District Court Judge |

CONSENT DECREE AND [PROPOSED] ORDER
Page 7 of 7

1  APPROVED AS TO FORM:

2  Dated: December ___, 2011          LAW OFFICE OF LESLIE HARRIS
3

4                                      By:_____
5                                          LESLEY HARRIS
                                            Counsel for Plaintiffs
6                                           GREGORY P. PANOS and
                                            PETER POULLOS
7  Dated: ~~December___, 2011~~ January 13, 2012   DAVID GEFFEN LAW FIRM

8
                                       By:_____
9                                          DAVID GEFFEN
                                            Counsel for Plaintiffs
10                                          GREGORY P. PANOS and
                                            PETER POULLOS
11

12 Dated: December ___, 2011           NEWTON REMMEL

13
                                       By:_____
14                                         STEPHEN L. NEWTON
                                           Counsel for Defendant
15                                         SANTA CRUZ SEASIDE COMPANY

16
   **IT IS SO ORDERED.**
17

18 Dated: December ___, 2011
                                       _____
19                                     Honorable Paul S. Grewal
                                       United States District Court Judge
20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | APPROVED AS TO FORM: |
| 2 | |
| 3 | Dated: December ___, 2011     LAW OFFICE OF LESLIE HARRIS |
| 4 | By:_____ |
| 5 | LESLEY HARRIS<br>Counsel for Plaintiffs<br>GREGORY P. PANOS and |
| 6 | PETER POULLOS |
| 7 | Dated: December _, 2011     DAVID GEFFEN LAW FIRM |
| 8 | |
| 9 | By:_____<br>DAVID GEFFEN |
| 10 | Counsel for Plaintiffs<br>GREGORY P. PANOS and |
| 11 | PETER POULLOS |
| 12 | Dated: ~~December~~ January 30, 2012 , 2011     NEWTON REMMEL |
| 13 | By: /s/ Stephen L. Newton |
| 14 | STEPHEN L. NEWTON<br>Counsel for Defendant |
| 15 | SANTA CRUZ SEASIDE COMPANY |
| 16 | |
| 17 | **IT IS SO ORDERED.** |
| 18 | Dated: ~~DecemberXXX,2011~~<br>March 26, 2012     /s/ Paul S. Grewal<br>Honorable Paul S. Grewal |
| 19 | United States District Court Judge |

CONSENT DECREE AND [PROPOSED] ORDER
Page 7 of 7